**Refik LONCAREVIC, Plaintiff,**

v.

**Edward J. McELROY, Assistant District Director, United States Department of Justice, Immigration and Naturalization Service, Defendant.**

No. 92 Civ. 2683 (LJF).

United States District Court, S.D. New York.

May 12, 1992.

Paul Freedman, New York City, for plaintiff.

Diogenes Kekatos, Asst. U.S. Atty., S.D.N.Y., New York City, for defendant.

### ORDER AND OPINION

FREEH, District Judge.

Petitioner Refik Loncarevic ("Loncarevic") moved this Court by Order to Show Cause for a writ of habeas corpus directing respondent Edward J. McElroy ("McElroy"), Assistant District Director of the Immigration and Naturalization Service ("INS"), to release Loncarevic on parole. For the reasons stated at oral argument and below, the petition for a writ of habeas corpus is denied.

### FACTS

Loncarevic attempted to enter the United States from Yugoslavia using an altered Yugoslavian passport, and was then detained by the INS. Loncarevic requested respondent McElroy to release him on parole pending a determination of his application for admission to the United States. That request was denied on the grounds that Loncarevic had failed to meet any of the threshold criteria for parole consideration and presented a risk to abscond or cause harm were he to be released. Loncarevic then filed this writ of habeas corpus.

### DISCUSSION

Procedures for determining the admissibility of unadmitted aliens are set forth in the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, and the regulations promulgated thereunder. The applicable regulations provide that the INS must detain any alien attempting to enter this

country "with documentation that appears on its face to be false, altered, or to relate to another person ..." 8 C.F.R. § 235.3(b). Pending a determination whether such aliens should be admitted formally or excluded and deported, the Attorney General may, in his discretion, parole the aliens into the United States if they meet certain specified criteria. *See Bertrand v. Sava*, 684 F.2d 204, 206 (2d Cir.1982); 8 C.F.R. § 212.5. The only such criteria relied upon by Loncarevic is the "public interest" exception, which provides that the parole of certain groups of aliens "would be 'strictly in the public interest', provided that the aliens present neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(a)(2).

 It is well-established that the Attorney General and his designees such as McElroy have broad discretion to determine whether unadmitted aliens may be paroled into the United States pending a final decision on their application for admission. *Bertrand*, 684 F.2d at 212. Contrary to Loncarevic's claims, that discretion does not vary depending on the type of admission application presented.[1] In all cases, the Attorney General's exercise of discretion regarding parole "must be viewed at the outset as presumptively legitimate and bona fide in the absence of strong proof to the contrary." *Id.* at 213. Thus, McElroy's parole determination regarding Loncarevic may not be reversed absent a showing either that McElroy failed to exercise his discretion, or did so "irrationally or in bad faith." *Id.*

Loncarevic has made no such showing. In his letter denying Loncarevic's request for parole, McElroy concluded that Loncarevic had failed to satisfy the threshold criteria for parole, such as "emergent reasons" or "reasons strictly in the public interest." (INS Letter at 2). Even assuming that those criteria had been satisfied, however, McElroy specifically found that the circumstances surrounding his entry into the United States indicated that Loncarevic is a risk to abscond or to cause harm.

(*Id.*) ("Mr. Loncarevic has clearly demonstrated an inclination to remain in the United States by any means available.").

McElroy's findings in this regard do not constitute either an abuse of discretion or bad faith. As McElroy noted, Loncarevic has admitted in a sworn statement that he paid $7000 dollars in American money to obtain a falsified passport. Nevertheless, Loncarevic has filed an affidavit in this Court claiming that he "had no idea, whatsoever, [that] the papers [he] was carrying were fraudulent and ... did not realize that [he] was going to enter the United States." This latter statement is simply not credible given that Loncarevic attempted to enter the country by means of a Yugoslavian passport which had his picture, but another person's name. Under the circumstances, it was within McElroy's discretion to conclude, as he did, that Loncarevic presented a risk of absconding or causing harm were he to be released.

For the foregoing reasons, Loncarevic's petition for writ of habeas corpus is denied.

SO ORDERED.

---

**1.** Loncarevic implies that the Attorney General should somehow have less discretion to deny his parole application because he is applying for admission into the country on political asylum grounds rather than mere economic need.